UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST SAINT LOUIS DIVISION

| | |
|---|---|
| **STEVE TRIMBLE** on behalf of himself and others similarly situated, </br></br>Plaintiff, </br></br>vs. </br></br>**CHECKR, INC.,** </br></br>Defendant. | Case No.: 3:25-cv-1817 </br></br>**JURY TRIAL DEMANDED** |

# COMPLAINT

**COMES NOW** the Plaintiff, Steve Trimble ("**Plaintiff**"), on behalf of himself and those similarly situated, by and through the Plaintiff's attorney, and brings the following action against the Defendant, Checkr Inc., ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**").

## PRELIMINARY STATEMENTS

1. Defendant has knowledge that it must comply with the FCRA.

2. Defendant produces background screening reports to third-party entities for employment purposes.

3. Defendant produces background screening reports to third-party entities for employment purposes for a fee.

4. The information produced in reports by the Defendant to third parties for employment purposes are defined as Consumer Reports (as the term is defined pursuant to the FCRA).

5. Defendant is a Consumer Reporting Agency (as a "Consumer Reporting Agency" is defined pursuant to the FCRA).

6. The reports produced by the Defendant, concerning the Plaintiff and other Putative Class members, contained items which were matters of public record and were likely to have an adverse effect on a consumer's ability to obtain and maintain employment.

7. The reports provided by the Defendant contained information that would mislead the reader.

8. Defendant's production of misleading Consumer Reports results in an inaccurate report.

9. Defendant's production of inaccurate Consumer Reports violates 15 U.S.C. §1681e(b).

10. Plaintiff brings this action on behalf of himself and similarly situated consumers for violations of the FCRA.

11. Plaintiff, on behalf of himself, and all other Putative Class members, seeks statutory damages, punitive damages, costs and attorneys' fees, as set forth under 15 U.S.C. §1681n(a) and all other available relief as allowed by law.

## PARTIES

12. Plaintiff is a resident of Collinsville, Illinois. Plaintiff is a member of the Putative Classes defined below.

13. Defendant, Checkr Inc., is a foreign company doing business in Illinois and may be served by serving its registered agent, CT Corporation, 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiff's FCRA claim pursuant to 28. U.S.C § 1331.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Illinois, was the subject of a Consumer Report delivered to Missouri, contracted with a Missouri employer to provide information on Illinois citizens, the information contained in the Consumer Report was obtained in Illinois, and his claims arise, in substantial part, in Illinois. Defendant regularly conducts business in Illinois and is subject to personal jurisdiction in this district.

## LEGAL AUTHORITY

16.     Section 1681e(b) of the FCRA dictates the standard a consumer reporting agency is required to uphold when producing Consumer Reports as follows:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17.     The purpose of the FCRA accuracy provision is to address the impact of the Consumer Reports produced by a consumer reporting agency and to ensure that the policies and procedures used to prepare the Consumer Report results in maximum possibly accuracy of the information contained within the reports produced to third parties to avoid adverse effects to the consumer.

## FACTUAL ALLEGATIONS

18.     Plaintiff applied for employment with Benchmark in or about January of 2025.

19.     Benchmark requested Plaintiff's Consumer Report from the Defendant as part of Plaintiff's application process to determine whether to employ Plaintiff.

20.     Defendant provided Benchmark with a report concerning Plaintiff on January 23, 2025.

21.     Defendant received certification from Benchmark that the Consumer Report would be used for employment purposes.

3

22. Defendant charged Benchmark a fee for accessing Plaintiff's personal information and compiling and providing the information in the form of a report.

23. Benchmark used Plaintiff's Consumer Report produced by Defendant in whole or in part to take an adverse action against the Plaintiff on or about January 30, 2025.

24. Plaintiff did not receive contemporaneous notice from Defendant that adverse information that could possibly have an effect on his chances of employment was being reported to Benchmark.

25. Plaintiff's Consumer Report was not complete and up to date.

26. Plaintiff's Consumer Report contains a section titled Motor Vehicle Report.

27. The section titled Motor Vehicle Report contains a subsection titled Suspensions.

28. The subsection titled Suspensions states that Plaintiff's license is suspended pursuant to a family financial responsibility suspension.

29. The subsection titled Suspensions does not indicate that Plaintiff's license may be suspended pursuant to a family financial responsibility suspension.

30. The start of the suspension is listed as February 7, 2025, which is over two weeks in the future from the date Defendant produced the report to Benchmark.

31. Plaintiff's Consumer Report does not state that the suspension has not happened, may not happen, or is not a definite suspension.

32. Plaintiff's license was never suspended.

33. Representing that Plaintiff's license was suspended mischaracterizes his standing in society.

34. Representing that Plaintiff's license was suspended harmed Plaintiff's ability to secure employment.

35. Defendant's procedure to include events in the future that have not happened when the report is produced leads to misleading results.

36. It is not a reasonable procedure to represent possible future suspensions as a suspension that is in effect.

37. Defendant's report provided to Benchmark on Plaintiff is inaccurate.

38. Defendant's report provided to Benchmark on Plaintiff is misleading.

39. Defendant's report violates 15 U.S.C. §1681e(b).

40. Defendant's report contains information that is materially misleading.

41. The inclusion of information regarding a driver license suspension that never happened misleads the reader into believing that Plaintiff's driver's license was suspended.

42. It is inaccurate to report future driver license suspension possibilities in a manner that makes it appear the suspension is already in effect.

43. The Plaintiff's Consumer Report fails to explain to the reader that the suspension reported is not in effect and may not take effect.

44. Absent information informing the reader that the driver's license suspension is not in effect the report is misleading.

45. Defendant's procedure to report future events that have not happened, may not happen, and did not happen without further information to explain future events is an unreasonable procedure.

46. Defendant's report mischaracterizes Plaintiff's motor vehicle report and the driving privileges that Plaintiff enjoyed.

47. Inclusion of future suspensions that have not taken place and may not happen places Plaintiff and other Putative Class members in a false light.

48. Inclusion of future suspensions that have not taken place and may not happen places materially misleading information within Plaintiff and other Putative Class members' Consumer Reports.

49. Inclusion of future suspensions that have not taken place and may not happen is misleading to the reader and causes a disadvantage to Plaintiff and other Putative Class members as they try to gain employment.

50. Defendant's procedure of including future suspensions that have not taken place and may not happen is an unreasonable procedure that results in misleading reports.

51. Defendant's report has threatened Plaintiff and other Putative Class members' livelihood.

52. Defendant's report caused Plaintiff and other Putative Class members to lose wages.

53. Defendant's unreasonable procedure which leads to inaccurate reports has caused Plaintiff and other Putative Class members to suffer emotional distress and anxiety.

54. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA are evidence that Defendant's violations were in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

55. Plaintiff asserts the following Class:

**15 U.S.C. §1681e(b) Class:** All individuals who were the subject of one or more Consumer Reports that included information about a future driver license suspension that caused the report to be misleading for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

### Numerosity

56.  The proposed Class is so numerous that joinder of all class members is impracticable. Defendant regularly produces Consumer Reports on individuals to third-parties for employment purposes. Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA. Plaintiff believes that several thousand individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

57.  Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and fact common to the Class is:

   a.  Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the Consumer Reports produced;

   b.  Whether Defendant produced reports that contain inaccuracies in violation of 1681e(b);

   c.  Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA; and

   d.  The proper measure of damages.

### Typicality

58.  Plaintiff's claims are typical of the members of the proposed class. Defendant is a Consumer Reporting Agency that produces Consumer Reports to third parties. Defendant produces the reports using the same format and policies and procedures on each report. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

59.     Plaintiff, as a representative of the Class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. No conflict exists between Plaintiff and members of the Class.

**Superiority**

60.     A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

61.     This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

62.     This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the Class, so that any final relief is appropriate respecting the Class as a whole.

63.     Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and procedures,

resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Class on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

64. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## Count I
## 15 U.S.C § 1681e(b) Violations

65. Plaintiff incorporates the foregoing paragraphs 15-64 as if fully set forth herein.

66. Plaintiff's report was produced by Defendant according to Defendant's policies and procedures.

67. The report produced by Defendant reported information in a manner that was misleading.

68. The report produced by Defendant contained information that was inaccurate.

69. A reasonable employer would be confused by Defendant's Consumer Report.

70. A reasonable employer would be misled by Defendant's Consumer Report.

71. Defendant's report casts Plaintiff and other Putative Class members in a false light.

72. Defendant's report informed Plaintiff's possible employer that Plaintiff's driving privileges were suspended.

73. An applicant who has had driving privileges suspended will have trouble getting to work consistently and would be seen as a lesser candidate by the possible employer.

74. Defendant's inaccurate and misleading report cast Plaintiff and other Putative Class members in a more unfavorable light than would have been if the Defendant had complied with the FCRA.

75. Defendant's actions were negligent and/or reckless.

76. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice;

   b. Defendant had access to public information that proved their report was inaccurate and misleading;

   c. Defendant produced a report concerning Plaintiff that contained information that was inaccurate and harmful to the Plaintiff; and

   d. Defendant committed multiple violations of the FCRA by producing a Consumer Report that was both inaccurate and misleading;

77. Plaintiff is entitled to actual damages for back pay, emotional distress and anxiety, and reputational harm.

78. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

79. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

80. Plaintiff is further entitled to recover costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an Order for the following:

a. Holding that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Directing proper notice to be mailed to the Putative Class at Defendant's expense;

d. Finding that Defendant committed multiple, separate violations of the FCRA;

e. Finding Defendant recklessly violated the provisions of the FCRA.

f. Finding Defendant negligently violated the provisions of the FCRA.

g. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of the rights of the Plaintiff and Putative Class members;

h. Finding that Defendant's actions meet the standard necessary for an award of statutory damages, punitive damages, and attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Respectfully submitted,

By: /s/ *Jayson A. Watkins*
Jayson A. Watkins MO 61434
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Direct: 929-274-2944
Email: jwatkins@sirillp.com

*Attorneys for Plaintiff*